<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                            :
MORGAN ADVANCED CERAMICS,   :        Civ. Action No. 07-4761 (SDW)
INC.                                        :
                      Plaintiff,            :
                                            :
        v.                                  :        **OPINION**
                                            :
AUSTIN SAYRE, JR. AND               :
F. STUART SAYRE                        :
                      Defendants.      :        May 15, 2009
_____:

**Wigenton**, District Judge

        Before the Court is Defendants' Austin B. Sayre, Jr. and F. Stuart Sayre ("Defendants"),

Motion for Reconsideration ("Motion") of this Court's February 18, 2009 Order denying

Defendants' Motion to Dismiss Count I ("Count I" or "the CERCLA Count") of Plaintiff's

Complaint. The Court, having considered the parties' submissions, decides this matter without

oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, the Court denies

Defendants' Motion for Reconsideration.

**<u>LEGAL STANDARD</u>**

        Pursuant to Local Civil Rule 7.1(i), a party may seek reconsideration "within ten (10)

business days after entry of the Order or Judgment on the original motion" if the party believes

the Court "overlooked" certain matters or controlling decisions when it ruled on the original

motion. Such a motion may only be granted if: (1) an intervening change in the controlling law

has occurred; (2) evidence not previously available has become available; or (3) it is necessary to

correct a clear error of law or prevent manifest injustice. *Pardy v. Dupuy*, No. 07-cv-1385, 2008

LEXIS 52044, at *3 (D.N.J. July 8, 2008) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also Marracco v. Kuder*, No. 08-cv-713, 2009 U.S. Dist. LEXIS 6757, at *2. (D.N.J. January 30, 2009).

"A motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." *Marracco*, 2009 U.S. Dist. LEXIS 6757, at *3.  "A party seeking reconsideration must show more than a disagreement with the Court's decision," and mere "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Database Am., Inc. v. Bellsouth*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations and internal quotations omitted).

## DISCUSSION

### A.      Controlling Precedent

Defendants argue this Court overlooked the Third Circuit's holding and analysis in *Fisher Development Co. v. Boise Cascade Corp.*, 37 F.3d 104 (3d Cir. 1994).  This Court did not overlook *Fisher.*  This Court considered both parties' written submissions and heard oral argument on February 10, 2009.  (*See* Defs. Mem. Supp. Mot. to Dismiss Count I at 11; Pl. Mem. Opp. Defs. Mot. to Dismiss Count I at 12-13; Def. Reply Mem. Supp. Mot. to Dismiss Count I at 7-8).  Defendants' argument that this Court overlooked *Fisher* is a mere "recapitulation of the cases and arguments [already] considered by the court." *Database Am., Inc.*, 825 F.Supp. at 1220; *see also Hyatt v. Passaic County*, No. 04-CV-1545, 2008 WL 2668939, at *6 (D.N.J. June 27, 2008) ("L. Civ. R. 7.1(i) is not meant to allow the losing party to supplement their brief on issues previously presented in the original motion.")  Defendants have not demonstrated that an intervening change in controlling law has occurred, that new evidence

not previously available has become available, that this Court has committed a clear error of law, or that a manifest injustice has been carried out.  Accordingly, this Court denies Defendants' Motion regarding the allegedly overlooked *Fisher* analysis.

### B.      Stock Purchase Agreement

Defendants argue this Court overlooked the language of the Stock Purchase Agreement. Both parties submitted copies of the Stock Purchase Agreement with the original Motion to Dismiss the CERCLA Claim, (*see* Defs. Mem. Supp. Mot. to Dismiss Count I, Ex. B; Pl. Mem. Opp. Defs. Mot. to Dismiss Count I, Muilenberg Cert., Ex. A), and discussed the language of the Stock Purchase Agreement extensively at oral argument.  (*See* Defs. Mem. Supp. Mot. to Reconsider, Donovan Decl., Ex. A.)  Defendants are again "recapitulati[ng] . . . the . . . arguments [already] considered by this Court."  *Database Am., Inc.*, 825 F.Supp. at 1220; *see also Oritani S & L v. Fidelity & Deposit*, 744 F.Supp. 1311, 1314 (D.N.J. 1990) ("A motion for reconsideration is improper when it is used to ask the Court to rethink what it has already thought through . . . .")  Additionally, Defendants have not demonstrated that an intervening change in controlling law has occurred, that new evidence not previously available has become available, that this Court has committed a clear error of law, or that a manifest injustice has been carried out.  Accordingly, this Court denies Defendants' Motion regarding the Stock Purchase Agreement.

### C.      "CERCLA"

Defendants lastly argue that this Court overlooked the interchangeability of the terms "ISRA" and "CERCLA."  To support this argument, Defendants claim that, after oral argument by counsel, this Court announced its decision to deny Defendants' motion to dismiss the CERCLA count, but did not mention the fact that "ISRA" and "CERCLA" are interchangeable

while doing so.  Defendants admit that "this issue was briefed and raised by the Alleged CERCLA Defendants [sic] both before and during oral argument."  (Defs. Mem. Supp. Mot. to Reconsider at 15.)  Consequently, Defendants have not demonstrated that this Court overlooked any facts or legal precedent; nor have Defendants established that an intervening change in controlling law has occurred, that new evidence not previously available has become available, that this Court has committed a clear error of law, or that a manifest injustice has been carried out.  Accordingly, this Court denies Defendants' Motion regarding CERCLA.

**CONCLUSION**

For the reasons discussed above, this Court denies Defendants' Motion for Reconsideration.

s/Susan D. Wigenton, U.S.D.J.


cc:  Madeline Cox Arleo, U.S.M.J.